THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRY FREEMAN, Defendant-Appellant.

Third District    No. 3—86—0041

Opinion filed November 13, 1986.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Terry W. Freeman, was charged with one count of battery. Following a jury trial, the defendant was found guilty. He was sentenced to three days in jail and placed on one year of conditional discharge. The defendant appeals his conviction for battery. We affirm.

At trial, Peoria Heights police officers Calvin Waldon and Christopher Cardinal testified that on December 7, 1984, they responded to a complaint that the defendant had caused a disturbance at a local bar. Upon arriving at the scene, the officers stopped the defendant as he was leaving the bar in question. Officer Cardinal ordered the defendant to stand against the wall and assume a pat-down position by facing the wall and placing his hands against it. The officers thought the pat-down was necessary because the defendant had been known to carry a knife. At the time of the pat down, the defendant was not under arrest.

The officers further testified that when Officer Cardinal began to pat down the defendant for weapons, the defendant raised his foot in what the officers perceived to be an attempt to kick Officer Cardinal. When Officer Cardinal told the defendant to put his foot down, the defendant complied. The defendant then took his hands off the wall and began to move away from it. At this time, Officer Cardinal pushed the defendant against the wall and tried to pin his hands there. The defendant then reached up with one hand and dug his fingernails into Officer Cardinal's hand, breaking the skin. Both officers then pulled the defendant to the ground and handcuffed him. Officer Cardinal additionally testified that he never struck the defendant.

The defendant testified that while he was leaning against the wall, Officer Cardinal reached into the defendant's pants pocket and pulled out his wallet. When the defendant turned his head to ask if he was supposed to do that, Officer Cardinal ordered the defendant to put his nose against the wall. The defendant faced the wall again. The next thing the defendant knew he was thrown to the ground. The defendant claimed he had a foot in his face and a knee up his rear end, and that one of the officers kicked a cigarette from his mouth.

He was pinned to the ground for at least a minute before being handcuffed. The defendant denied ever trying to kick the officers or to gouge Officer Cardinal's hand.

Without objection, the court gave the following battery-elements instruction, in relevant part, to the jury:

"To sustain the charge of battery, the State must prove the following proposition: That the defendant knowingly and without legal justification, caused bodily harm to Chris Cardinal ***."

During jury deliberations, a juror sent a question to the court asking for the meaning of "legal justification." The court answered:

"Justifiable use of force is an affirmative defense. The defendant has not raised that defense. The defendant has denied that he knowingly caused bodily harm to Chris Cardinal."

The defendant objected to the latter instruction, arguing that it was improper for the court to reinstruct the jury concerning the State's issue instruction after arguments had been made on the instructions and they had been submitted to the jury. In his post-trial motion, the defendant again objected to the court's latter instruction to the jury. The defendant's post-trial motion was denied. This appeal followed.

On appeal, the defendant contends that the trial court erred in responding to a question from a deliberating juror by stating that legal justification was not raised by the defendant, despite the facts that the element of legal justification was included in the issues instruction and that testimony at trial raised the issue of the defendant's justifiable use of force.

■■ Initially, the State argues that the defendant has waived this issue for review because he did not specifically object at trial or in his post-trial motion. We have reviewed the record and conclude that the defendant's objections in the trial court were sufficiently specific to preserve this issue on appeal.

The defendant contends that because the trial court gave an instruction on the elements of battery that required the State to prove lack of legal justification, the court apparently concluded that sufficient evidence on legal justification had been presented for the jury to consider. The defendant further argues that in any event, sufficient evidence was presented to entitle him to an instruction on the issue of legal justification.

■ Justifiable use of force, or self-defense, is an affirmative defense. (Ill. Rev. Stat. 1985, ch. 38, par. 7—14.) Consequently, unless the State's evidence presents the issue of self-defense, to raise that issue the defendant must present some evidence thereon. (Ill. Rev.

Stat. 1985, ch. 38, par. 3—2.) The defendant need only present a slight amount of evidence in support of his theory of self-defense to be entitled to an instruction on that issue. (*People v. Robinson* (1981), 92 Ill. App. 3d 972, 416 N.E.2d 793.) However, a defendant cannot construct a theory of self-defense by combining the State's evidence and defense evidence. *People v. Bailey* (1982), 108 Ill. App. 3d 392, 439 N.E.2d 4.

■■ Illinois courts have held that a defendant is not entitled to an instruction on self-defense where the defendant presents evidence that he was in fear but denies striking anyone, because such evidence is insufficient to raise the self-defense issue. Further, the defendant may not combine the State's evidence of the defendant's act with his own testimony that he was in fear of his safety to raise the issue of self-defense. *People v. Dukes* (1960), 19 Ill. 2d 532, 169 N.E.2d 84; *People v. Bailey* (1982), 108 Ill. App. 3d 392, 439 N.E.2d 4; *People v. Robinson* (1981), 92 Ill. App. 3d 972, 416 N.E.2d 793.

■ In the case at bar, the defendant attempts to establish a theory of self-defense by combining his testimony that the officers used excessive force in their arrest together with the State's evidence that the defendant struck Officer Cardinal. However, the defendant denies striking Officer Cardinal, and the defendant never presented any evidence that he was in fear of his safety during the pat down and subsequent arrest. The defense evidence is even less sufficient to justify a self-defense instruction than the evidence presented in *Dukes, Bailey,* or *Robinson.* Further, we reject the defendant's attempt to construct an issue of self-defense by combining his evidence with that of the State. We therefore find, based on the evidence, that the defendant was not entitled to an instruction on the justifiable use of force.

■■ In so holding, we note that the court originally tendered an instruction on the issue of legal justification but later corrected itself with an instruction to the jury that legal justification, an affirmative defense, had not been raised by the defendant. Thus, we deem harmless any arguable error by the trial court.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.